IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GEORGIA TRANSMISSION CORPORATION, an electric membership corporation,  :<br>:<br>:<br>:<br>Plaintiff,   :<br>:<br>v.   :<br>:<br>TURNER ELECTRIC CORPORATION,   :<br>:<br>Defendant.   : | CIVIL ACTION NO.<br>1:06-CV-1017-JOF |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion to dismiss [3-1] and Plaintiff's motion to amend complaint [12-1].

Plaintiff, Georgia Transmission Corporation, filed suit against Defendant, Turner Electric Corporation, in the Superior Court of DeKalb County on March 14, 2006, alleging causes of action of breach of contract, breach of express and implied warranties, unjust enrichment, quantum meruit, negligence, and fraud and misrepresentation. Plaintiff, a not-for-profit electrical cooperative and Georgia corporation, allegedly purchased certain electrical switches from Defendant, an Illinois corporation. When the switches malfunctioned, Plaintiff contends that Defendant made certain promises to rectify the situation but never followed

AO 72A
(Rev.8/82)

through. Defendant removed the suit to this court on April 27, 2006, based on diversity jurisdiction.

On May 4, 2006, Defendant filed the instant motion to dismiss Plaintiff's suit on numerous bases, one of which was that Plaintiff had not sufficiently alleged it had a contract with Defendant, but rather that the purchase orders cited by Plaintiff were actually made with Equity Utility Service Co., in care of Defendant's address. Defendant contended that Plaintiff had not alleged that Equity was an agent of Defendant such that Defendant and Plaintiff could be considered in privity of contract. Defendant further argues that to raise a claim of breach of express or implied warranties, Plaintiff needs to sue both the alleged manufacturer and distributor, in this case, Equity. *See Spiller v. Tennessee Trailers, Inc.*, 97 F.R.D. 347 (N. D. Ga. 1982) (Vining, J.) (holding Georgia law requires the retailer as well as the manufacturer of an allegedly defective product be party to litigation) (citing *Stewart v. Gainesville Glass Co.*, 233 Ga. 578 (1975)).

Plaintiff responded to Defendant's motion to dismiss but then also filed the instant motion to amend its complaint. In the motion to amend complaint, Plaintiff seeks to add Equity Utility Service Co. as a defendant. Equity is a Georgia corporation, and thus, its addition as a party to the suit would defeat diversity jurisdiction. In its motion to amend, Plaintiff asks that the court grant the motion to amend and remand Plaintiff's complaint to state court pursuant to 28 U.S.C. § 1447(e). Importantly, Defendant has filed no opposition to the motion to amend, and the court deems it unopposed. *See* N.D. Ga., Local Rule 7.1B.

When a plaintiff seeks to join a non-diverse defendant after a case has been removed, the district court "may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). Although the Eleventh Circuit has not addressed the precise standard a court should apply when determining whether a plaintiff can amend to join a non-diverse party to an action, other courts have adopted a balancing of the equities inquiry. *See, e.g. Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987); *Jarriel v. General Motors Corp.*, 835 F. Supp. 639 (N.D. Ga. 1993) (Carnes, J.). This approach departs from a strict Federal Rules of Civil Procedure 19 or 20 analysis and instead balances the dangers of parallel state/federal proceedings against the diverse defendants' interest in remaining in a federal forum. *Jarriel*, 835 F. Supp. at 641. Under this discretionary approach, a court should consider the following factors when deciding whether to allow joinder and remand: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

Here, Plaintiff's initial complaint is premised on an allegation that a contractual relationship existed between Plaintiff and Defendant. In its motion to dismiss, Defendant has put this relationship into issue by contending that the contract actually existed between Plaintiff and Equity. Defendant has further defended Plaintiff's complaint by arguing a breach

of express and implied warranty claim requires suit against the manufacturer and the distributor.

Because Defendant raised these contentions, the court finds that Plaintiff is not proposing to add Equity as a party defendant in order to defeat federal jurisdiction. The court further finds that Plaintiff has not been dilatory in seeking leave to amend. Defendant filed its pre-answer motion to dismiss on May 4, 2006. Plaintiff filed the motion to amend complaint on June 26, 2006. No discovery has taken place. Plaintiff will be injured if the amendment is not permitted because there will be parallel state and federal proceedings. Most specifically, it appears that Plaintiff's breach of warranties claim can only go forward in a proceeding with both Defendant and Equity as parties. Finally, the court gives little weight to Defendant's interest in remaining in a federal forum as it has not filed an opposition to Plaintiff's motion to amend and remand. For the foregoing reasons, the court GRANTS Plaintiff's motion to amend complaint [12-1]. Because the court remands this action, the court declines to rule on any portions of Defendant's motion to dismiss that might be unrelated to the issues of privity, leaving those issues for the state court to decide and DENIES WITH LEAVE TO RENEW Defendant's motion to dismiss [3-1].

AO 72A
(Rev.8/82)

**Conclusion**

The court DENIES WITH LEAVE TO RENEW Defendant's motion to dismiss [3-1] and GRANTS Plaintiff's motion to amend complaint [12-1]. The Clerk of the Court is DIRECTED to file Plaintiff's amended complaint as of the date of this order. The Clerk of the court is also DIRECTED to REMAND this case to the Superior Court of DeKalb County.

**IT IS SO ORDERED** this 13th day of October 2006.

> s/ J. Owen Forrester
> J. OWEN FORRESTER
> SENIOR UNITED STATES DISTRICT JUDGE